UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
GERMAN GARCIA,

                                Plaintiff,

                        - against -

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

                               Defendant.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

10 CV 5901 (RJD)

DEARIE, District Judge.

Pursuant to 42 U.S.C. § 405(g), German Garcia appeals the Commissioner of Social Security's final decision denying him disability benefits under the Social Security Act. Plaintiff, who was born in El Salvador and has a second grade education, has worked in the U.S. since 1991 as a landscaper, mechanic, ceramic tile installer, and house painter. Garcia, now 48, was hit by a car when he was 41. The Commissioner found Garcia capable of less than a full range of light work. Both parties move for judgment on the pleadings. Because the ALJ failed to apply the treating physician rule and substituted his own opinion for that of a medical professional, his decision is vacated and the matter remanded for further consideration.

On June 11, 2007, plaintiff applied for disability benefits. After his application was denied, Garcia had a hearing before ALJ Jeffrey Jordan on September 4, 2008. Plaintiff, who does not speak, read, or understand English, testified through a Spanish interpreter and was represented by counsel. On October 30, 2008, ALJ Jordan issued an opinion finding that Garcia had cervical and lumbar spinal disorders and degenerative joint disease. The ALJ concluded that plaintiff's impairments did not meet or equal any listed impairment and that plaintiff could

perform some light work. On November 4, 2010, the Appeals Council denied Garcia's request for review. This action followed.

In reviewing a denial of benefits, the Court must determine whether the Commissioner's conclusions are supported by substantial evidence. See, e.g., Green-Younger v. Barnhart, 335 F.3d 99, 105 (2d Cir. 2003) (quoting Curry v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (internal quotation omitted). Here, both parties move for Rule 12(c) judgment on the pleadings, each arguing that he is entitled to judgment as a matter of law. See Alcantara v. Astrue, 667 F. Supp. 2d 262, 272-73 (S.D.N.Y. 2009) (Sullivan, J.). Because the ALJ failed to apply the treating physician rule or to properly assess plaintiff's credibility, the case is remanded in accordance with this Memorandum.

The Court assumes the parties' familiarity with plaintiff's record and the five-step analysis for evaluating disability claims. See DeChirico v. Callahan, 134 F.3d 1177, 1179-80 (2d Cir. 1998); see also 20 C.F.R. § 404.1520.

In determining that Garcia's impairments did not meet or equal any listed impairment, the ALJ rejected the opinions of plaintiff's treating doctors in favor of his own. Treating physicians' opinions are "entitled to controlling weight with respect to the nature and severity of a claimed impairment" as long as the opinions are supported by medical evidence and not inconsistent with substantial evidence in the record. Carvey v. Astrue, 380 F. App'x. 50, 51 (2d Cir. 2010) (quoting § 404.1527(d)(2)). If the ALJ does not afford a treating physician's opinion controlling weight, he must "give good reasons" for not doing so and explain the weight he gives instead.

2

Burgos v. Astrue, 2011 WL 1642734, at *12 (S.D.N.Y. Apr. 29, 2011) (Cote, J.) (quoting § 404.1527(d)(2)). Dr. Diwan, plaintiff's orthopedist, diagnosed herniated discs in Garcia's lumbosacral and thoracic spine. Tr. 197. In fact, MRIs taken March 8, 2006 and December 5, 2006 supported Dr. Diwan's diagnosis. Tr. 163, 165. Dr. Diwan also diagnosed herniated discs in Garcia's cervical spine (Tr. 159, 197), somewhat supported by a February 23, 2006 MRI showing protruding, bulging discs and narrowing of the neural foramina (through which nerves pass in the spinal column) (Tr. 164). The ALJ, nonetheless, rejects Dr. Diwan's opinion as "not totally support[ed] by the objective medical evidence," and surmises that plaintiff's MRIs do not show evidence of spinal cord or nerve root "[c]ompromise." Tr. 15. This Court finds it hard to square the ALJ's conclusion with the MRI evidence showing herniated discs in plaintiff's thoracic and lumbosacral spine and a narrowing nerve canal in Garcia's cervical and thoracic regions. Tr. 163-65.

Nor does the Court understand why the ALJ disregarded the opinion of Dr. Bajaj, plaintiff's neurologist, whose March 2006 nerve conduction studies showed asymmetry consistent with his diagnosis of cervical and lumbosacral radiculopathy. Tr. 185, 187. Although plaintiff's treating physicians disagree whether Garcia has lumbar spinal stenosis with psuedoclaudication (a narrowing of the spinal canal that can compress nerve roots), instead of siding with one doctor and explaining why, the ALJ rejects the opinion of both. Compare Tr. 312 (Dr. Diwan found stenosis with psuedoclaudication) with Tr. 304 (Dr. Bajaj did not). Without Dr. Diwan's or Dr. Bajaj's opinion, the ALJ had no medical authority left to support his conclusion that plaintiff did not meet or equal any listed impairment.[1] The ALJ may not

---

[1] The ALJ might have adopted the opinion of Dr. Han, a consultative internist who concluded Garcia had full or nearly full range of motion in his spine (Tr. 246-249), but the ALJ rejected Dr. Han's opinion as well, calling it "not consistent with [the] longitudinal record." Tr. 17.

3

substitute his own opinion for that of a competent medical professional. See Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998). On remand, the ALJ should explain how he chose among plaintiff's physicians' opinions, and refrain from substituting his own judgment.

ALJ Jordan also misapplied the treating physician rule in determining that Garcia was capable of some light work because he rejected the opinions of Dr. Bajaj and Dr. Diwan in favor of the opinions of non-treating and consultative doctors. The ALJ disregarded Dr. Diwan's and Dr. Bajaj's RFCs, which restricted Garcia to lifting and carrying 10 pounds occasionally (and 0 pounds frequently) and capped plaintiff's ability to sit, stand, and walk at 2 total hours each (intermittently, according to Dr. Diwan). See Tr. 195, 307, 309. Instead, the ALJ adopted the recommendations of non-examining, consultative physicians Dr. Siddiqui and Dr. Kahanowicz, who limited plaintiff to lifting and carrying 10 pounds frequently and 20 pounds occasionally and to sitting and standing/walking for 6 hours each. See Tr. 252, 254-261. The ALJ added that Garcia "must alternate between sitting and standing every 30 to 60 minutes," a recommendation not seconded by any doctor in the record, and one which the ALJ appears to have made after splitting the difference between plaintiff's treating and consultative physicians' opinions. Tr. 15. "While an ALJ is free to . . . choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician . . . ." Balsamo, 142 F.3d at 81 (internal quotation and quotation marks omitted). On remand, the ALJ should explain which doctors' RFCs he relies upon to determine Garcia's capacity for work.

Last, this Court cannot understand the ALJ's rejection of plaintiff's testimony as incredible. See Tr. 16. ALJ Jordan found that Garcia's impairments could reasonably cause his alleged right arm numbness and weakness, but nonetheless decided that Garcia exaggerated his inability to use that appendage because his daily activities belied any limitation. Id. The ALJ

4

wrote: "[Garcia] stated that he could not lift much with his right hand[,] which implied that he was able to do light lifting." Id. How and why the ALJ drew this inference is a puzzle, since Garcia testified that he could lift and hold a half-gallon or gallon milk jug for only four to five minutes before resting (Tr. 34) and agreed that he sometimes dropped other things when he tried to hold them (Tr. 32). ALJ Jordan misstates Garcia's testimony "that he went up and down 10 flights of stairs four to five times per day," (Tr. 16) when in fact, Garcia testified that he climbed "[m]ore or less ten" stair steps, four to five times a day to reach his second floor bedroom, and only then with "[a] lot of difficulty in [his] back" (Tr. 38, 42). Also, the ALJ did not mention that Dr. Bajaj had been regularly administering cervical and lumbar injections of a local anesthetic, Xylocaine, during plaintiff's monthly visits (see, e.g., Tr. 278-84) or that, as plaintiff's pain persisted, Dr. Bajaj switched to injecting the nerve paralytics Botox and Marcaine, and prescribed oral doses of Vicodin ES (a narcotic) and Lidoderm patches (a topical anesthetic) (see, e.g., Tr. 282, 285-87). The Court does not understand why the ALJ did not consider this serious medical regimen germane to Garcia's credibility.

On remand, the ALJ should present a new hypothetical to the vocational expert to reassess whether Garcia can work in the national economy. See Pokorny v. Astrue, 2010 WL 5173593, at *5 (E.D.N.Y. Dec. 14, 2010) (Garaufis, J.) (legal error where ALJ gave expert inaccurate hypothetical). The ALJ's characterization of Garcia as "able to communicate in English" is without support in the record, given plaintiff's reliance on a translator and his professed illiteracy. See Tr. 17.

For the reasons stated above, defendant's Rule 12(c) motion is denied, and plaintiff's cross-motion is granted to the extent that the case is remanded for further development of the record. On remand, the ALJ should do the following: (1) apply the treating physician rule to

5

determine whether plaintiff's impairments meet or equal any listed impairment and whether plaintiff can perform any level of work; (2) apply the § 404 factors, including consideration of plaintiff's medications, to assess plaintiff's credibility; and (3) present an accurate hypothetical to the vocational expert. The decision of the ALJ is vacated and the case remanded for further development of the record.

SO ORDERED.

Dated: Brooklyn, New York
      August 20, 2012

                                          /s/ Judge Raymond J. Dearie

                                          RAYMOND J. DEARIE
                                          United States District Judge